CoweN, Chief Judge,
delivered the opinion of the court:
The plaintiff, a retired Navy Commander, sues to recover the portion of his retirement pay which was reduced as a result of a decision by the Comptroller General construing the provisions of 5 U.S.C. § 59a (1958), amending Section 212 of the Economy Act of 1932, 47 Stat. 406. The Act is commonly referred to as the Dual Compensation Act and provides as follows:
(a) After June 30,1932, no person holding a civilian office or position, appointive or elective, under the United States Government or the municipal government of the District of Columbia or under any corporation, the majority of the stock of which is owned by the United States, shall be entitled, during the period of such incumbency, to retired pay from the United States for or on account of services as a commissioned officer in any of the services mentioned in title 37, at a rate in *167 excess of an amount which, when combined with the annual rate of compensation from such civilian office or position, makes the total rate from both sources more than $10,000; and when the retired pay amounts to or exceeds the rate of $10,000 per annum such person shall be entitled to the pay of the civilian office or position or the retired pay, whichever he may elect. * * *
(b) * * * [Tjhis section shall not apply to any regular or emergency commissioned officer retired for disability (1) incurred in combat with an enemy of the United States, or (2) caused by an instrumentality of war and incurred in line of duty during a period of war * * *.
As a result of the undisputed facts presented in the parties’ cross motions, there is for determination only a question of law — does the exception set forth in Section (b) of the Dual Compensation Act apply under the facts in this case?
On December 7, 1941, plaintiff suffered a perforated ear drum as a result of the bombing of Pearl Harbor by the Japanese. At the time he was serving Gun No. 7 on the U.S.S. RALEIGH. He continued on active duty until August 1, 1959, when, having over 20 years of military service, he was placed on the Temporary Disability Retired List under the provisions of 10 U.S.C. § 1202 (1958), by reason of arterio-sclerotic heart disease, which was rated zero percent disabling. Following a number of administrative hearings and reviews, several changes were made in plaintiff’s disability rating with respect to his temporary disability. On December 28,1964, the Secretary of the Navy approved the decision of the Board for Correction of Naval Records that plaintiff’s records be corrected to show that the Physical Evaluation Board, which met in 1959 and found him unfit for duty by reason of arteriosclerotic heart disease rated at zero percent, also found that he was suffering from arthritis of the spine, rated at zero percent, and perforated left ear drum, healed, rated at zero percent.
On July 1, 1964, plaintiff was permanently retired under the provisions of 10 U.S.C. § 1201 (1958) by reason of arteriosclerotic heart disease, arthritis, and perforation of the *168 left ear drum, for all which, disabilities he received a combined rating of 40 percent.
Since October 1961, when plaintiff 'became a civilian employee of the government, his retirement pay has been reduced by reason of defendant’s determination that he is subject to the provisions of Section (a) of the Dual Compensation Act.
Plaintiff contends that he was retired for a heart condition, arthritis, and a perforated ear drum, and that, since the latter was a disability incurred in combat with an enemy of the United States, he is entitled to his salary and full retirement pay. The government does not contest the fact that plaintiff’s perforated ear drum was incurred in combat with an enemy of the United States or was caused by an instrumentality of war, as required by the exception to the Dual Compensation Act. However, defendant 'argues that plaintiff is not entitled to the exemption provided by that Act. Defendant asserts that this must be so, 'because under defendant’s view, plaintiff’s disability retirement was based solely on arteriosclerotic heart disease, which, as plaintiff concedes, was not the direct result of armed conflict or by an instrumentality of war. In rejecting this contention, we rest our decision on the agreed facts, on the provisions of the Dual Compensation Act, considered in connection with the terms of 10 U.S.C. § 1201 (1958), and on certain interpretations of the applicable law by the Navy Department.
Plaintiff’s medical record relating to his permanent disability retirement in 1964, reads as follows:
Findings: Unfit by reason of Arteriosclerotic Heart
Disease, * * * Arthritis, * * * and Perforation, left ear drum, healed, * * * incurred while entitled to receive basic pay and rated at 40% under VA Code Numbers:
7005 Arteriosclerotic Heart Disease_ O CO
6003 Arthritis, cervical and dorsal_ O rH
5003 Arthritis, lumbar 6211 Perforation, left ear drum, healed o &
Combined rating-40%
is permanent.
*169 The government contends that because plaintiff’s ear injury was given a zero percentage rating, it was not a basis for his disability retirement. We find this contention to be in conflict with the following synopsis of the opinions of the Judge Advocate General of the Navy Department in the field of disability retirement and separation under Title 10 U.S.C., Chapter 61:
602.5 VA Schedule (All conditions to be rated). Once it has been determined that a party is unfit to perform the duties of his office, rank, grade, or rating, by reason of physical disability, all conditions from which he may be_ suffering which are ratable under the Veterans Administration Schedule must be held to contribute to his unfitness and, if meeting the various other requirements of the Career Compensation Act of 1949, as amended (10 USC, Chapter 61) must be reflected in the percentum of disability assigned the party, [emphasis supplied] (JAG:III:7: WBM:cw, Index No. 5172, approved by the Secretary of the Navy 8 September 1952.)
_ 603.2 VA Schedule (Zero per centum rating permissible). _ Assignment of a zero per centum rating for a condition causing definite ascertainable disability which does not at the time of the determination meet the requirements for a compensable rating is legal irrespective of whether a rating of zero per centum is listed under the appropriate diagnostic code. (JAG: III:7:WBM: cw, Index No. 7049, approved by the Secretary of the Navy 3 August 1953)
In addition, we think a conclusion contrary to defendant’s position is compelled by the following language of 10 U.S.C. § 1201:
[T]he Secretary may retire the member, * * * if the Secretary also determines that—
(1) based upon accepted medical principles, the disability is of a permanent nature;
‡ ‡ ‡
and
(3) either — -
(A) the member has at least 20 years of service computed under section 1208 of this title; or
(B) the disability is at least 30 percent under the standard schedule of rating disabilities in use by the *170 Veterans’ Administration at tbe time 'of the determination; * * *.
As we read the foregoing, a member is eligible for disability retirement if his disability is of a permanent nature, and he has either 20 years of military service without regard to the rating of his disability or a disability rated at least 30 percent under the standard rating schedule. Plaintiff’s ear injury is listed in his medical records as being of a permanent nature, and it is undisputed that at the time he was placed on the Temporary Disability Retired List, as well as when he was permanently retired, he had at least 20 years of service. Therefore, plaintiff’s ear injury was a basis for his permanent retirement under the terms of 10 U.S.C. § 1201. In so holding, we rely on the following determination made on July 14, 1964, by the Judge Advocate General of the Navy:
The Chief, Bureau of Medicine and Surgery, on July 8, 1964, expressed the opinion that the perforation of the ear drum, one of the conditions for which Commander Mross was permanently retired on June 8, 1964, was incurred in combat with an enemy of the United States or caused by an instrumentality of war but that there was insufficient evidence of record to support a conclusion that arthritis of the spine, as mentioned above, was so caused or incurred.
In view of the foregoing, it is hereby determined that Commander Mross’ disability resulting from perforation of the ear drum, one of the disabilities on account of which he was permanently retired on June 8, 1964, was incurred in combat with an enemy of the United States and was also caused by an instrumentality of war during a period of war, witliin the meaning of the Dual Compensation Act.
The decision of the Board for the Correction of Naval Records, which corrected plaintiff’s record as of August 1, 1959, with respect to his temporary retirement, was as follows:
It is the decision of this Board that the naval record of CDR Joseph W. Mross, USN (Ret.), 329 647 be corrected where appropriate to show that the PEB which met on 28 May 1959 and found him unfit for duty within *171 the contemplation of Title 10, U.S. Code, Chapter 61, by reason of Arteriosclerotic Heart Disease, mitral insufficiency, #4700, also found that he was suffering from Arthritis, Cervical, dorsal and lumbar spine, #7221, and Perforated Left Ear Drum, healed, #8720; that those disabilities were recorded in the PEB findings and he was assigned a Zero percentum disability rating for Arthritis, Cervical, dorsal and lumbar spine, under YA Code Number 5003 and a Zero percentum rating for Perforation, Left Ear Drum, healed, under YA Code Number 6211, in addition to the Zero percentum disability rating initially assigned for Arteriosclerotic Heart Disease, under YA Code Number 7005; that the SecNav placed his name on the TDEL with a Zero per-centum disability rating under YA Code Numbers 7005, 5003 and 6211, effective 1 August 1959.
It is obvious that the purpose of the Board’s decision was to correct plaintiff’s record to show that all three of the disabilities mentioned were considered by the Physical Evaluation Board which found plaintiff unfit for duty and placed him on the Temporary Disability Eetired List. Each disability was assigned the same percentum rating.
In order to be eligible for temporary retirement under the provisions of 10 U.S.C. § 1202,[1] a member of the armed forces must meet all the qualifications for permanent retirement under 10 U.S.C. § 1201, except for the fact that his disability is not then determined to be of a permanent nature. Since plaintiff had 20 years of active military service at the time of his temporary retirement and was suffering from three disabilities which were considered in the determination that he was unfit for duty, his name was placed on the Temporary Disability Eetired List. We therefore conclude that plaintiff’s ear injury was a basis for his temporary retirement, just as it was for his permanent retirement.
*172 For the reasons stated we find that plaintiff’s ear injury was a disability for which he was placed on the Temporary Disability Retired List and later permanently retired; that his disability meets the requirements of the exception to the Dual Compensation Act, and that he is entitled to recover the retirement pay withheld by defendant since October 1961. Plaintiff’s motion for summary judgment is granted and judgment is entered for plaintiff; defendant’s cross motion for summary judgment is denied, and the case is returned to the trial commissioner for determination of the amount of the recovery pursuant to Rule 47 (c).
In accordance Avith the opinion of the court and a memorandum report of the commissioner as to the amount due thereunder, it was ordered on March 13, 1869, that judgment for the plaintiff be entered for $3,417.08.

 § 1202. REGULARS AND MEMBERS ON ACTIVE DUTY FOR MORE THAN 30 DAYS : TEMPORARY DISABILITY RETIRED LIST.
Upon a determination by the Secretary concerned that a member of a regular component of the armed forces entitled to basic pay, * * * would be qualified for retirement under section 1201 of this title but for the fact that his disability is not determined to be of a permanent nature, the Secretary shall, if he also determines that accepted medical principles indicate that the disability may be of a permanent nature, place the member’s name on thq temporary disability retired list, * * *.